UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GREGORY SMITH; ANTHONY CRUM; and SAMUEL TUCKER,

                             Plaintiffs,

                -against-

CITY OF NEW YORK; Undercover Officer C0217; Undercover Officer C0209; Detective BRIAN MARTIN, Shield No. 6991; Sergeant ERIC FRANCIS, Shield No. 1705; Detective JASON NINO; Detective CHRISTOPHER LOPEZ; Detective SAVAGE; Detective MORALES; Detective REMY; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

14 CV 4776 (CBA) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Gregory Smith ("Mr. Smith") is a resident of Kings County in the City and State of New York.

8. Plaintiff Anthony Crum ("Mr. Crum") is a resident of Kings County in the City and State of New York.

9. Plaintiff Samuel Tucker ("Mr. Tucker") is a resident of Kings County in the City and State of New York.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Defendant Undercover Officer C0217 at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Undercover Officer C0217 is sued in his individual and official capacities.

12. Defendant Undercover Officer C0209 at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Undercover Officer C0209 is sued in his individual and official capacities.

13. Defendant Detective Brian Martin, Shield No. 6991, ("Martin") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Martin is sued in his individual and official capacities.

14. Defendant Sergeant Eric Francis, Shield No. 1705, ("Francis") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Francis is sued in his individual and official capacities.

15. Defendant Detective Jason Nino ("Nino") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nino is sued in his individual and official capacities.

16. Defendant Detective Christopher Lopez ("Lopez") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lopez is sued in his individual and official capacities.

17. Defendant Detective Savage ("Savage") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Savage is sued in his individual and official capacities.

18. Defendant Detective Morales ("Morales") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Morales is sued in his individual and official capacities.

19. Defendant Detective Remy ("Remy") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Remy is sued in his individual and official capacities.

20. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

21. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

22. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

23. At approximately 4:30 p.m. on or about April 17, 2014, plaintiffs were lawfully present inside 361 Miller Avenue, Apartment 2, in Brooklyn, New York.

24. Defendants unlawfully entered the apartment, handcuffed plaintiffs and conducted a search of the apartment.

25. Upon information and belief defendants did not possess a search warrant or any lawful basis to enter or search the residence.

26. Defendants also conducted an unlawful and invasive search of plaintiffs' persons.

27. No contraband was recovered from plaintiffs or the apartment.

28. During the course of their unlawful search and detention of plaintiffs, defendants made repeated disparaging remarks about the homosexual relationship between Smith and Crum.

29. From the time defendants encountered Mr. Smith, he informed them repeatedly that he suffers from severe health conditions and is immunocompromised.

30. Plaintiffs were taken to a police van where they were driven around for several hours as defendants arrested more civilians.

31. As plaintiffs sat in the van, several prisoners to whom they were handcuffed began smoking and filling the van with smoke.

32. Mr. Smith again advised defendants of his condition and asked that the

other prisoners be made to stop smoking.

33. In response, a defendant officer said in sum, "you're smoking today," and allowed the smoking to continue.

34. Plaintiffs were eventually taken to the 75th precinct.

35. At the precinct, Gregory Smith was denied his needed medications despite several requests.

36. At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit some crime or offense.

37. At no time did defendants ever observe plaintiffs commit any crime or offense.

38. Eventually, Mr. Smith and Mr. Crum were taken to Central Booking.

39. After approximately 24 hours in custody, plaintiffs were released from Central Booking without being arraigned.

40. The District Attorney declined to prosecute plaintiffs.

41. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

42. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

43. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

44. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

### FIRST CLAIM
### Unlawful Entry and Search (All Defendants)

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they entered plaintiffs' apartment and unlawfully searched plaintiffs and their home.

47. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest (All Defendants)

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest (All Defendants)

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

53. Plaintiffs were conscious of their confinement.

54. Plaintiffs did not consent to their confinement.

55. Plaintiffs' confinement was not otherwise privileged.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery (All Defendants)

58. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

60. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial (All Defendants)

62. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63. The individual defendants created false evidence against plaintiffs.

64. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

65. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

66. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention (All Defendants)

67. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

68. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

69. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

70. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

71. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

72. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Intentional Infliction of Emotional Distress (All Defendants)

73. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

75. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

76. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Infliction of Emotional Distress (All Defendants)

78. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

79. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

80. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

81. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Deliberate Indifference to Medical Needs (All Defendants)

83. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

84. The individual defendants were aware of a risk to plaintiff Smith's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

85. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff Smith's medical needs.

86. As a direct and proximate result of this unlawful conduct, plaintiff Smith sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene (All Defendants)

87. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

88. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

89.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

90.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: January 5, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiffs*